IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAUNTLESS ENTERPRISES, INC., AND KENNETH AYERS,<br><br>Plaintiffs,<br><br>v.<br><br>CITY WIDE FRANCHISE COMPANY, INC.,<br><br>Defendant. | Case No. 23-2273-JAR-TJJ |

## MEMORANDUM & ORDER

This matter comes before the Court on Plaintiffs Dauntless Enterprises, Inc. and Kenneth Ayers's Motion for Order to Bar Testimony of City Wide's Expert Witness, or to Extend Case Schedule to Allow Time for Plaintiffs to Designate Rebuttal Expert (Doc. 31), which was filed on June 27, 2023. The next day, this Court issued an Order expediting briefing (Doc. 33). Pursuant to that Order, Defendant City Wide Franchise Company, Inc. filed its response in opposition to Plaintiffs' motion (Doc. 34) on June 29, 2023. No reply brief was contemplated by the Court's Order expediting briefing and, therefore, Plaintiffs' motion is fully briefed and the Court is prepared to rule.

Plaintiffs' motion explains that on June 23, 2023, Defendant's counsel informed Plaintiffs' counsel that it intended to call Michael Seid as an expert to testify at the preliminary injunction hearing scheduled for July 7, 2023, about "all aspects of franchising."[1] Plaintiffs seek to exclude any such testimony from Mr. Seid on the grounds that it is not relevant to the Court's preliminary injunction analysis. In the alternative, if the Court should deny Plaintiffs' motion,

---

[1] Doc. 31 at 2.

Plaintiffs ask that the Court revise the current hearing schedule to allow time for them to retain their own expert. Finally, Plaintiffs' motion includes a request for this Court to reconsider its prior ruling barring Plaintiffs from taking the deposition of Defendant's president and a corporate representative prior to the preliminary injunction hearing.

In response, Defendant first argues that because the Federal Rules of Evidence do not apply at preliminary injunction hearings, any analysis regarding the admissibility (and relevancy) of Mr. Seid's expert testimony is unnecessary. Defendant further argues that Mr. Seid's expert testimony should be allowed even if admissibility is considered, because his expert testimony is relevant in that it will assist the Court in its analysis of the preliminary injunction factors. Defendant also opposes Plaintiffs' alternative request to extend the hearing schedule if the Court denies its motion so as to give Plaintiffs time to retain their own expert, as well as Plaintiffs' request that the Court reconsider its prior ruling barring them from taking depositions of Defendant's president and a corporate representative.

As Defendant points out, the Tenth Circuit has held that "[t]he Federal Rules of Evidence do not apply at preliminary injunction hearings."[2] Therefore, the Court is not swayed by Plaintiffs' arguments regarding the relevancy of Mr. Seid's proposed expert testimony. But, even if it were, because Defendant has proffered that Mr. Seid's testimony will be relevant to the Court's analysis on the preliminary injunction factors, at this point the Court in its discretion[3]

---

[2] *Heartland Animal Clinic, P.A. v. Heartland SPCA Animal Med. Ctr., LLC*, 503 F. App'x 616, 620 (10th Cir. 2012) (quoting *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003)); *see also Todd v. RWI Acquisition LLC*, No. 2:12-cv-00114, 2012 WL 12882371, at *5 (D.N.M. June 1, 2012) ("Because the Federal Rules of Evidence do not apply to hearings on preliminary injunctions, the Court denies" plaintiff's motion to strike evidence).

[3] *See, e.g., Coalition of Concerned Citizens v. Fed. Transit Admin. of United States DOT*, 843 F.3d 886, 898–99 (10th Cir. 2016) ("As for the evidentiary rulings made by the district court in connection with denying the plaintiffs' motion for preliminary injunction, we apply an abuse of discretion standard.").

will allow him to testify at the hearing on July 7. Accordingly, Plaintiffs' motion is denied without prejudice as to that request.

The Court similarly denies without prejudice Plaintiffs' alternative request to extend the hearing schedule to allow Plaintiffs time to retain their own expert witness. Any argument from Plaintiffs that they were surprised by Defendant's retention of an expert witness is unavailing, especially given that Plaintiffs consented to,[4] and the Court granted as unopposed,[5] Defendant's Motion for Expedited Discovery,[6] which included a request for Plaintiffs to disclose any expert witness they intended to call at the hearing, thereby putting Plaintiffs on notice that Defendant at the very least contemplated doing the same. Finally, because the Court sees no basis for reconsidering its prior ruling barring Plaintiffs from taking depositions of Defendant's president and corporate representative, that request is also denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion for Order to Bar Testimony of City Wide's Expert Witness, or to Extend Case Schedule to Allow Time for Plaintiffs to Designate Rebuttal Expert (Doc. 31) is **denied**. Plaintiffs' motion to bar Defendant's expert, Mr. Seid, from testifying at the July 7, 2023, preliminary injunction hearing is denied without prejudice. Plaintiffs' alternative request to extend the hearing schedule to allow them time to retain their own expert witness is also denied without prejudice. Plaintiffs' motion for reconsideration is denied.

**IT IS SO ORDERED.**

Dated: June 29, 2023

---

[4] Doc. 29.

[5] Doc. 35.

[6] Doc. 27.

                                              <u>S/ Julie A. Robinson</u>  
                                              JULIE A. ROBINSON  
                                              UNITED STATES DISTRICT JUDGE